GORDON McCLOUD, J. (concurring)
¶ 25 I agree with the majority that this case involves an attempted robbery, not a completed crime. Majority at 411-12. I further agree with the majority that the elements of such an attempt crime are (1) intent to commit the target crime, here the robbery, and (2) "any act which is a substantial step toward the commission of that crime." Id. ; RCW 9A.28.020(1). Since the elements instruction in this case contained those two elements,[1] I also agree with the majority that we should affirm.
¶ 26 That decision is the only holding in this case. In fact, the majority correctly explains that its other statements about the continuing validity of State v. Richie, 191 Wash. App. 916, 365 P.3d 770 (2015), are irrelevant to its decision to affirm. It states, "As indicated earlier, review was granted to address the holding of Richie. Given the two essential elements of the crime of attempted first degree robbery, the analysis from Richie is not directly applicable." Majority at 417. I agree.
¶ 27 For that reason, the majority's decision to go on and purportedly overrule Richie is completely unnecessary. It is an interesting expression of opinion, but it has no bearing on the outcome of this case.
¶ 28 I therefore respectfully concur.

Clerk's Papers at 66 (jury instruction 7).